UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: _____

KRISTIN ROARK,

    Plaintiff,

v.

PETRO SERVICES, INC
d/b/a SHELL GAS STATION

    Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, KRISTIN ROARK, by and through her undersigned counsel, sues the Defendant, PETRO SERVICES INC d/b/a SHELL GAS STATION, and alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages and to remedy violations of the rights of MS. ROARK under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Florida Civil Rights Act of 1992, as amended ("Chapter 760"), to redress injuries done to her by the Defendant, PETRO SERVICES d/b/a SHELL GAS STATION ("Defendant").

2. The unlawful acts which gave rise to this Complaint occurred within Broward County, Florida during the Plaintiff's employment with Defendant, making venue proper in this District pursuant to 28 U.S.C. § 1391.

**PARTIES**

3. At all times material hereto, Plaintiff has been a citizen and resident of Broward County Florida and is otherwise *sui juris*.

1

4. At the relevant time, Plaintiff was a lesbian female, and, as such, Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Florida Civil Rights Act of 1992, as amended ("FCRA"), because the terms, conditions, and privileges of her employment were altered because of her gender and sexual orientation.

5. Defendant is not a government agency. At all times material hereto, Defendant was Plaintiff's employer as defined by law.

6. Defendant has, at all times material hereto, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. § 760.02(7)).

7. Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination against the Defendant with the Equal Employment Opportunity Commission.

8. Plaintiff's charge was filed within 300 days after the first instance of discrimination occurred.

9. Plaintiff was issued a Notice of Right to Sue on August 19, 2020. This suit is filed in accordance with that Notice and within the applicable ninety (90) day time limitation (a copy of the Notice is attached hereto as Exhibit "A").

10. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charge.

**GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

11. Plaintiff worked for Defendant as a customer service representative from November 2018 until she was unlawfully terminated on September 13, 2019.

12. As a customer service representative, Plaintiff's primary duties and responsibilities included cleaning, assisting customers, stocking shelves, and working the cash register.

13. Plaintiff was qualified for her position as a customer service representative in that she had experience as a customer service representative and/or she had all necessary training to perform her job duties and responsibilities.

14. From the start of her employment with Defendant, Plaintiff dealt with discriminatory and harassing behavior from her co-workers. Plaintiff's coworkers called her names and mocked her sexual orientation. Plaintiff complained to Balene, store manager, on several occasions but Balene failed and refused to take any action.

15. Things escalated when, on September 10, 2019, the Defendant discriminated against the Plaintiff based on her gender and sexual orientation.

16. As the Plaintiff was putting ice in the soda machine, Juanny, the heterosexual female deli manager, pulled the Plaintiff's pants down to her ankles.

17. When co-workers asked Juanny why she pulled down Plaintiff's pants, Juanny said, "I did it because Kristin dresses like a nigger." Rhonda said, "you cannot use that word." The Plaintiff was still in the back of the store fixing her clothes.

18. When Brian, assistant manager, returned to the store later that day, the Plaintiff told Brian about the incident. He said, "I don't know how to handle this." Brian then called Balene, store manager. Balene reviewed the video footage of the incident and spoke with Plaintiff to obtain her accounting of events. When Plaintiff told Balene that she was embarrassed, Balene responded, "Juanny was just playing." The Plaintiff objected to Balene's dismissive response. After concluding her shift, Plaintiff attempted to contact corporate but was unable to reach anyone.

19. On September 13, 2019, Trent Turner, area manager, told Plaintiff that he would do his own investigation and call the Plaintiff back. The Plaintiff went to work as scheduled. During her shift, Plaintiff approached Balene in order to hand her a grievance report, but Balene refused to accept the report. Instead, Balene terminated Plaintiff.

20. Plaintiff has engaged the undersigned attorney to prosecute her claims and is entitled to recover her attorney's fees from Defendant pursuant to statute.

## COUNT I: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
**(Discrimination on the Basis of Gender)**

21. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 20, inclusive, as though same were fully re-written here.

22. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§703(a), 706(a), and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was discriminated on the basis of her gender, lesbian female.

23. Juanny, manager, Brian, assistant manager, Balene, store manager, and Trent Turner, area manager, at all times relevant, were acting within the course and scope of their employment for Defendant.

24. Because Plaintiff is a lesbian female, she was discriminated against by management and the Defendant refused to take any action to prevent the discrimination.

25. Because Plaintiff is a lesbian female, Juanny pulled down the Plaintiff's pants in an attempt to humiliate her.

26. Because Plaintiff is a lesbian female, Juanny called Plaintiff names and harassed her about her sexual orientation.

27. Because Plaintiff is a lesbian female, Balene did not take her concerns seriously and did nothing to reprimand Juanny for her discriminatory behavior.

28. Upon information and belief, heterosexual female employees are not treated in this manner.

29. Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 USC §2000e2(a)(1) which resulted in Plaintiff, KRISTIN ROARK, being discriminated against.

30. Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, lost wages, benefits, and compensation for emotional distress pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

31. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in an amount to be determined at trial.

WHEREFORE, Plaintiff hereby requests that this Honorable Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including back pay, front pay, injury to her professional reputation, punitive damages, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with The Civil Rights Act of 1964, §706(g); attorney's fees, costs, together with interest thereon, and such other relief as the Court deems just and appropriate.

### **COUNT II: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992**
**(Discrimination on the Basis of Gender)**

32. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 20, inclusive, as though same were fully re-written here.

33. The FCRA forbids discrimination on the basis of race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status and thereby to protect their interest in personal dignity, to make available to the state their full productive capacities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote the interests, rights, and privileges of individuals within the state.

34. Plaintiff is a lesbian female, and therefore a member of a protected class.

35. Juanny, manager, Brian, assistant manager, Balene, store manager, and Trent Turner, area manager, at all times relevant, were acting within the course and scope of their employment for Defendant.

36. Because Plaintiff is a lesbian female, she was discriminated against by management and the Defendant refused to take any action to prevent the discrimination.

37. Because Plaintiff is a lesbian female, Juanny pulled down the Plaintiff's pants in an attempt to humiliate her.

38. Because Plaintiff is a lesbian female, Juanny called the Plaintiff names and mocked her sexual orientation

39. Because Plaintiff is a lesbian female, Balene did not take her concerns seriously and did nothing to reprimand Juanny for her discriminatory behavior.

40. Upon information and belief, heterosexual female employees are not treated in this manner.

41. At all relevant and material times, Defendant failed to comply with the FCRA.

42. The discrimination of Plaintiff by Defendant was caused by Defendant being aware that Plaintiff is a lesbian female.

43. At all times relevant, including at the time of the unlawful and discriminatory treatment, Defendant was aware that Plaintiff was a lesbian female.

44. At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to her by the Defendant.

45. The failure of Defendant to adhere to the mandates of the FCRA was willful and its violations of the provisions of the FCRA were willful.

46. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's protected rights, discriminated against Plaintiff on account of her being a lesbian female in violation of the FCRA with respect to its decision to treat Plaintiff differently from other employees.

47. Defendant's treatment of Plaintiff was directly and proximately caused by Defendant's unjustified discrimination against Plaintiff because she is a lesbian female, in violation of the FCRA.

48. Any allegedly nondiscriminatory reason for the treatment of Plaintiff asserted by Defendant is a mere pretext for the actual reasons for the treatment; namely, Plaintiff being a lesbian female. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting persons from discrimination due to her gender and sexual orientation. The discrimination on the basis of gender and sexual orientation constitutes unlawful discrimination.

49. As a direct and proximate result of Defendant's intentional conduct, Plaintiff has suffered serious economic losses, as well as mental pain and suffering.

WHEREFORE, Plaintiff hereby requests this Court enter judgment against the Defendant for all wages and benefits the Plaintiff would have received but for the discrimination, including actual damages suffered, compensatory damages under the FCRA for embarrassment, anxiety,

humiliation, and emotional distress, punitive damages, prejudgment interest attorney's fees, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT III: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### (Retaliation)

50. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 20, inclusive, as though same were fully re-written here.

51. Plaintiff had the right to voice her grievances that she was being discriminated against.

52. When Defendant terminated the Plaintiff, it retaliated against her for exercising her rights.

53. Juanny, manager, Brian, assistant manager, Balene, store manager, and Trent Turner, area manager, at all times relevant, were acting within the course and scope of their employment for Defendant.

54. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964.

55. Plaintiff has engaged the undersigned attorney to prosecute her claim and is entitled to recover her attorney's fees from Defendant pursuant to statute.

WHEREFORE, Plaintiff hereby requests that this Court: (a) declare that Defendant's termination of Plaintiff was in violation of Title VII of the Civil Rights Act of 1964; (b) grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's termination of Plaintiff in an amount to be determined at trial and in accordance with Title VII of the Civil Rights Act of 1964; (c) award Plaintiff pre-judgment and post-judgment

interest; (d) award Plaintiff compensatory damages as permitted by law; (e) award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to statute; and (f) grant Plaintiff such other and further relief as the Court deems appropriate.

### COUNT IV: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
**(Retaliation)**

56. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 20 inclusive, as though same were fully re-written here.

57. Plaintiff had the right to voice her grievances that she was being discriminated against.

58. When Defendant terminated the Plaintiff, it retaliated against her for exercising her rights.

59. Juanny, manager, Brian, assistant manager, Balene, store manager, and Trent Turner, area manager, at all times relevant, were acting within the course and scope of their employment for Defendant.

60. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of the FCRA, Chapter 760.

61. Plaintiff has engaged the undersigned attorney to prosecute her claim and is entitled to recover her attorney's fees from Defendant pursuant to statute.

WHEREFORE, Plaintiff hereby requests that this Court: (a) declare that Defendant's termination of Plaintiff was in violation of the FCRA; (b) grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's termination of Plaintiff in an amount to be determined at trial and in accordance with the FCRA; (c) award

Plaintiff pre-judgment and post-judgment interest; (d) award Plaintiff compensatory damages as permitted by law; (e) award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and (f) grant Plaintiff such other and further relief as the Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 17th day of November, 2020.

By:  /s/ *Michelle Cohen Levy*
Michelle Cohen Levy, FBN 0068514
The Law Office of Michelle Cohen Levy, P.A.
4400 N. Federal Highway
Lighthouse Point, Florida 33064
P: (954) 651-9196
Michelle@CohenLevyLegal.com
Counsel for Plaintiff